UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GARY MAXWELL | ) | CASE NO. |
| 1502 Hibbard Drive | ) | |
| Stow, OH  44224 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| v. | ) | (Jury Demand Endorsed Hereon) |
| | ) | |
| FCA US LLC | ) | |
| CT Corporation System | ) | |
| 4400 Easton Commons Way, Ste. 125 | ) | |
| Columbus, OH  43219 | ) | |
| | ) | |
| Defendant. | ) | |

THIS IS A RE-FILED CASE.

Plaintiff, Gary Maxwell, by and through counsel, for his Complaint against Defendant,

FCA US LLC ("FCA"), states and alleges the following:

**PARTIES**

1.      Plaintiff, a resident of Ohio diagnosed with heart disease in 2011, was an

employee of Defendant from March 2000 to June 2015, and is in a protected category pursuant

to Ohio Revised Code ("R.C.") 4112.02 based on having a physical impairment that substantially

limits one or more major life activity, having a record of physical impairment or disability, or

being regarded as disabled by his employer.

2.      Defendant, a Michigan corporation with its principal place of business in Auburn

Hills, Michigan, was Plaintiff's employer, within the meaning of R.C. 4112.01(A)(2) and 29 CFR §

825.104, from March 2000 to June 2015.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Plaintiff

is an Ohio resident, and Defendant is a Michigan corporation with its principal place of business

in Michigan.  Therefore, complete diversity of citizenship exists.  The amount in controversy,

exclusive of interest and costs, exceeds the sum or value of Seventy Five Thousand Dollars

($75,000.00).

4.      Pursuant to 28 U.S.C. § 1391, the proper venue for this action is the Northern

District of Ohio, because a substantial part of the events and/or conduct giving rise to this

action occurred in this judicial district.

**FACTUAL ALLEGATIONS**

5.      On or about March 20, 2000, Plaintiff began his employment with Defendant as

a general factory worker at Defendant's Twinsburg Stamping Plant, where he worked for

approximately nine (9) years, until Defendant transferred him to its Warren Stamping Plant,

where he worked until 2011.

6.      In July 2011, while still employed at the Warren Stamping Plant, Plaintiff was

diagnosed with heart disease and underwent open heart surgery.

7.       In approximately November 2011, Defendant transferred Plaintiff to its Parts

Distribution Center in Streetsboro, Ohio.

8.      In December 2011, after completing his orientation at the Streetsboro location,

Plaintiff contracted pneumonia, causing him to take time off from work.

9.      When Plaintiff returned to work on January 2, 2012, he notified his Shift

Supervisor, Dennis Oates, and his Plant Manager, Robin Ward, that his physician had released

him to return to work on "light duty" with the restriction that he not lift more than 20 pounds,

and requested the reasonable accommodation of working in the "Bins," where he would not

have to lift heavy objects and could therefore maintain his employment while complying with his physician's instructions.

10.     Although Plaintiff's request to be assigned to the Bins was reasonable, and although there was an open position in the Bins at the time, Defendant refused Plaintiff's request for this reasonable accommodation, and failed and/or refused to engage in the interactive process with Plaintiff, placing him instead in the "Oil Room," which required him to lift 50-pound cases of oil, antifreeze, and other liquid products on a regular basis.

11.     As a result of working outside his work restrictions, Plaintiff suffered a hernia.

12.     Plaintiff continued to work for Defendant until May 2015, at which time he again contracted pneumonia and missed five days of work.

13.     Upon information and belief, the first two days of work Plaintiff missed were covered by FMLA.  For the third, fourth, and fifth days of work he missed, Plaintiff filed a Sick and Accident ("S&A") claim with Defendant's call-off center.

14.     Plaintiff returned to work on Monday, June 2, 2015, and worked through Friday, June 5, 2015.

15.     On June 8, 2015, Ms. Ward told Plaintiff that the FMLA covered his time off for heart disease, but not for pneumonia, and that he therefore violated Defendant's attendance policy and his employment was terminated.

16.     Several weeks later—on June 29, 2015—Ms. Ward gave Plaintiff a different reason for his termination:  that he had allegedly verbally threatened a coworker with violence, though Plaintiff had not threatened any coworkers.

17.     In July 2015, Ms. Ward told Plaintiff that FCA would rehire him if he provided a note from a psychologist stating that he did not pose a threat to the safety of FCA's employees.

3

18.     On July 28, 2019, in reasonable reliance upon Ms. Ward's promise of rehire, Plaintiff underwent a psychological evaluation, and subsequently hand-delivered to Ms. Ward a psychologist's letter stating that Plaintiff "is not an angry or violent man and there are no indicators that he is a danger to others or anyone at Chrysler."

19.     Rather than rehiring Plaintiff as promised, Ms. Ward told Plaintiff that, in order to be rehired, he would have to sign a statement admitting that, when previously employed by Defendant, he violated a company policy by making a violent verbal threat to a coworker.

20.     Plaintiff responded to Ms. Ward that he never threatened a co-worker—verbally, violently, or otherwise—and that he would not sign a false statement.

21.     As a result of Plaintiff's refusal to sign the false statement, Defendant refused to rehire him, thereby breaching its verbal promise to him.

22.     Upon information and belief, Defendant replaced Plaintiff with a non-disabled employee.

## COUNT ONE
### (Disability Discrimination)

23.     Plaintiff incorporates each paragraph above as if fully set forth herein.

24.     This claim is brought pursuant to R.C. 4112, which prohibits discrimination against employees because they have a physical or mental impairment or disability that substantially limits one or more major life activities, have a record of physical impairment or disability, or are regarded as having a physical or mental impairment or disability.

25.     Plaintiff, who suffers from heart disease (and associated instances of pneumonia), a debilitating disorder that substantially interferes with one or more major life activities, is a disabled individual and a member of a protected class per R.C. 4112.01(A)(13).

4

26.     Though disabled, Plaintiff was able to perform all of the functions, duties, and responsibilities of his job with a reasonable accommodation.

27.     In violation of R.C. 4122.02, Defendant discriminated against Plaintiff in the terms and conditions of his employment based, at least in part, on him being disabled or having a record of being disabled, by, *inter alia*:  failing to provide him with the reasonable accommodation of working in the "Bins"; failing to engage in the interactive process with him; requiring him to work outside his physician's work restrictions; penalizing him for missing work due to his disability and/or sickness (pneumonia); and by terminating his employment at least in part based on his disability and replacing him with a non-disabled individual.

28.     As a result, Plaintiff's rights under R.C. 4112.02 were violated, for which he has a remedy under Ohio R.C. 4112.99.

29.     Defendant's conduct reflects an outrageous and conscious disregard for Plaintiff's rights, which had a great probability of causing, and did cause, Plaintiff to suffer substantial damages, thereby rendering Defendant liable for punitive damages.

30.     As a result of the foregoing actions of Defendant, Plaintiff has suffered damages, including but not limited to loss of wages and mental anguish, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

## COUNT TWO
### (FMLA Retaliation – Violation of 29 U.S.C. § 2615 (a)(2))

31.     Plaintiff incorporates each paragraph above as if fully set forth herein.

32.     By taking leave after contracting pneumonia—a serious health condition that prevented Plaintiff from performing his job duties—Plaintiff engaged in activity protected by the Family Medical Leave Act ("FMLA").

33.     Defendant knew that Plaintiff exercised his right to take leave under the FMLA.

5

34.    After, and at least in part as a result of, learning that Plaintiff took FMLA leave, Defendant took an adverse employment action against Plaintiff by terminating his employment.

35.    Defendant terminated Plaintiff's employment at least in part because he took FMLA leave, as evidenced by the fact that Defendant terminated Plaintiff's employment just one week after he returned to work.

36.    Defendant's actions violated Plaintiff's FMLA rights under 29 U.S.C. §§ 2601 et seq., for which Plaintiff has a remedy under 29 U.S.C. § 2617.

37.    Defendant engaged in the above-described actions recklessly, maliciously, and intentionally, for which Plaintiff is entitled to an award of statutory, compensatory, and other damages.

38.    Defendant's violation of the FMLA entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages, including back pay, statutory liquidated damages, attorneys' fees, and the cost of bringing this litigation, in an amount to be determined at trial.

## COUNT THREE
### (Breach of Verbal Contract)

39.    Plaintiff incorporates each paragraph above as if fully set forth herein.

40.    Plaintiff and Defendant entered into a verbal contract, whereby, in exchange for Defendant's promise to rehire Plaintiff, Plaintiff would provide Defendant with a psychologist's statement confirming that Plaintiff did not pose a threat to the safety of Defendant's employees.

41.    Defendant breached its verbal contract with Plaintiff by failing and refusing to rehire Plaintiff after Plaintiff completed his part of the bargain by providing Defendant with a psychologist's statement confirming that he did not pose a threat to the safety of Defendant's employees.

42.     Defendant's breach, which was accompanied by fraud and misrepresentation, reflects an outrageous and conscious disregard for Plaintiff's rights, which had a great probability of causing, and did cause, Plaintiff to sustain substantial damages, thereby rendering Defendant liable for punitive damages.

43.     As a direct and proximate result of Defendant's breach of its verbal contract with Plaintiff, Plaintiff has suffered substantial damages, including lost wages, mental anguish, and reputational damage, in the amount in excess of Seventy Five Thousand Dollars ($75,000.00).

## COUNT FOUR
### (Promissory Estoppel)

44.     Plaintiff incorporates each paragraph above as if fully set forth herein.

45.     In reasonable reliance on Defendant's promise of rehire, Plaintiff underwent a psychological evaluation and provided Defendant with a psychologist's statement confirming that he did not pose a threat to the safety of Defendant's employees.

46.     Defendant relied on Defendant's promise of rehire to his detriment by undergoing a psychological evaluation, obtaining and providing Defendant with a psychologist's note, and refraining from seeking employment opportunities elsewhere.

47.     Plaintiff's reliance on Defendant's promise was reasonable and foreseeable.

48.     Defendant expected, or should reasonably have expected, that its promise would induce Plaintiff to undergo a psychological evaluation, obtain and provide Defendant with a psychologist's letter stating that he did not pose a threat to the safety of Defendant's employees, and at least temporarily forgo searching for another job.  Plaintiff has been injured as a result of his reliance on Defendant's promise.

49.     Plaintiff has suffered damages in excess of Seventy Five Thousand Dollars

($75,000.00) as a result of his detrimental reliance on, and Defendant's failure to comply with,

it promise.

## DAMAGES

WHEREFORE, Plaintiff prays this Honorable Court:

A.     Order Defendant to make Plaintiff whole by providing compensation in

the form of economic, emotional, and punitive damages in an amount in excess of Seventy Five

Thousand Dollars ($75,000.00).

B.     Award Plaintiff appropriate reimbursement for lost wages in an amount to

be proven at trial;

C.     Grant Plaintiff his attorneys' fees, costs, and disbursements;

D.     Award Plaintiff pre- and post-judgment interest at the statutory rate; and

E.     Grant such further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Caryn M. Groedel
Caryn M. Groedel (0060131)
cgroedel@groedel-law.com
Frank George (0097925)
fgeorge@groedel-law.com
CARYN GROEDEL & ASSOCIATES CO., LPA
31340 Solon Road, Suite 27
Cleveland, OH  44139
Telephone:  440-544-1122
Facsimile:   440-996-0064
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Caryn M. Groedel
Caryn M. Groedel